MR. JUSTICE ERICKSON
dissenting:
I respectfully dissent. 1 am not persuaded that public policy considerations or our case law relating to the title acquired by the purchaser at a tax sale of real property controls the outcome of this case. Personal property, by definition, is movable, and creditors with a secured interest are at a particular disadvantage in determining whether personal property taxes have been paid or whether a tax sale is to be held in one of our sixty-three counties to collect a delinquent tax.
In my view, the failure of the General Assembly to require that notice be given to creditors who have perfected security interests in personal property amounts to a denial of due process. U. S. Const., Amend. V, Colo. Const., Art. II, Sec. 25. To equate, as the majority implicitly does, publication in a local newspaper with personal notice is to ignore the practical problems encountered by secured parties with interests in personal property. When a property right is eliminated without personal notice, as it was in this case, the constitutional due process guarantees dealt with in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); and Sniadach v. Family Finance Corporation of Bay-View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) are violated.
The taxing process protected by the majority would not be impeded by fair notice requirements; the statutory priority provisions would still make tax liens superior to all other liens.
Fundamental fairness requires an accommodation of the respective interests of the taxing entity and creditors. Here, the creditor’s rights were eliminated and its security interest was lost without notice.
I would require that personal notice be given to creditors with perfected security interests prior to a tax sale.